UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER DUNCANSON,

               Plaintiff,

-against-

NEW YORK STATE EDUCATION
DEPARTMENT and NEW YORK CITY
DEPARTMENT OF EDUCATION,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
13-CV-6030 (CBA)

**AMON, Chief United States District Judge.**

On October 28, 2013, plaintiff Peter Duncanson filed this action against the New York State Education Department ("NYSED") and New York City Department of Education ("DOE") (together, "defendants") pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, and 1985; and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296. Duncanson generally alleges that defendants denied his application for a permanent certificate to teach in New York public schools on the basis of religious discrimination.

On February 24, 2014, DOE moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and NYSED moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on March 4, 2014. This Court subsequently referred the motions to then-Magistrate Judge Joan Azrack.[1] Magistrate Judge Azrack issued a Report and Recommendation ("R&R") on November 14, 2014, recommending that the Court (1) dismiss Duncanson's § 1981, Title VII, and NYHRL claims with prejudice; (2) dismiss Duncanson's § 1983 and § 1985 claims without prejudice; and (3) grant Duncanson 30 days to file an amended complaint as to his § 1983 and § 1985 claims.

---

[1] Judge Azrack is now a district judge for the Eastern District of New York. On January 13, 2015, the case was reassigned to Magistrate Judge Robert Levy.

1

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the R&R as the opinion of the Court. Accordingly, defendants' motions to dismiss are granted. Duncanson's § 1981, Title VII, and NYHRL claims are dismissed with prejudice. Duncanson's § 1983 and § 1985 claims are dismissed without prejudice, and Duncanson is granted 30 days from the date of this Order to file an amended complaint as to these claims. In light of Duncanson's pro se status, he is advised that an amended complaint will completely replace his original complaint, and should therefore include all of his factual allegations. If Duncanson does not file an amended complaint within 30 days, judgment dismissing the action shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.
Dated: February 11, 2015
      Brooklyn, New York

Carol Bagley Amon
Chief United States District Judge